UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ELSIE PAUL,

       Plaintiff,

-against-

LENOX HILL HOSPITAL,

       Defendant.
----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 29 2016 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION
MEMORANDUM & ORDER
13-CV-1566 (CBA) (LB)

**AMON, Chief United States District Judge:**

Pro se plaintiff Elsie Paul brings this discrimination action against Lenox Hill Hospital ("LHH"), her former employer. She asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) et seq.; the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–12213; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634; the Family Medical Leave Act, 29 U.S.C. §§ 2601–2654; and the Equal Pay Act of 1963, 29 U.S.C. § 206, as well as claims of unpaid wages, defamation, and related state-law claims. LHH moved for summary judgment, (D.E. # 88), and the Court referred that motion to the Honorable Lois Bloom, United States Magistrate Judge, for report and recommendation ("R&R"), (D.E. # 92). Magistrate Judge Bloom recommends that LHH's motion be granted. (See id.) For the following reasons, the Court adopts that recommendation and grants summary judgment to LHH.

## BACKGROUND

Paul began working at LHH as a social worker in August 2010. (See Def. Rule 56.1 Stmt. ¶ 12.) In April, May, and September 2011, LHH received patient and employee complaints about Paul. (See R&R at 3–5.) LHH issued Paul her first written warning on September 12, 2011. (See D.E. # 88-4, Decl. of Barbara Gross ("Gross Decl.") Ex. L.)

1

LHH received another patient complaint on October 17, 2011. (See R&R at 6; Gross Decl. Ex. M.) When Paul responded to that complaint unprofessionally, LHH issued her a final written warning on October 21, 2011. (See id.)[1]

In response, Paul requested a permanent placement in the Emergency Room to "reduce such inciden[ts]." (Gross Decl. Ex. Q.) Her supervisor denied this request. (Def. Rule 56.1 Stmt. ¶¶ 98, 103.) Paul claims her supervisor told her "[t]hey want a different face there," someone with a "softer demeanor." (See R&R at 6–7 (citing Pl. Dep. 72:8–22; 98:21–100:5).)

LHH received further patient and employee complaints about Paul in January and February 2012. (See id. at 7–8.) On February 7, 2012, LHH suspended Paul without pay for five days. (See id. at 8; Gross Decl. Ex. N.)

In early April 2012, Paul showed her daughter rooms in LHH's maternity ward, including an occupied room. (Gross Decl. Ex. O.) When Paul left that room, the patient complained to the nurse that a stranger had entered her room, and the nurse approached Paul in the hallway. (See id.) Paul then re-entered the patient's room and confronted the patient, explaining that she was no stranger but a social worker in the hospital. (See id.; Pl. Dep. 278:2–4; R&R at 10.) The patient complained to LHH about this behavior. (Gross Decl. Ex. O.) Also in April 2012, Paul failed to respond when paged by co-workers a number of times. (See R&R at 10.)

On April 24, 2012, LHH terminated Paul's employment for violating LHH's professional behavior policy. (Gross Decl. Ex. O.)

---

[1] Paul observes that there are multiple versions of this written warning in the record. (See Paul Obj. at 20–21.) The Court does not find this fact meaningful: the three versions of this warning are substantively the same and all three were before Magistrate Judge Bloom when issuing her R&R—indeed the R&R expressly acknowledges this fact, (see R&R at 6 n.5). The existence of multiple versions of this report raises no genuine dispute of material fact to be resolved at trial, nor does it give rise to any inference of bad faith on behalf of LHH during this litigation as Paul claims.

2

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of an R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). But "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

"The objections of parties appearing pro se are generally accorded leniency and should be construed to raise the strongest arguments that they suggest." Williams v. Woodhull Med. & Mental Health Ctr., 891 F. Supp. 2d 301, 310 (E.D.N.Y. 2012) (internal quotation marks and citations omitted). "[N]evertheless even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Blasi v. New York City Bd. of Educ., No. 00-CV-5320, 2012 WL 3307346, at *1 (E.D.N.Y. Aug. 12, 2012) aff'd, 544 F. App'x 10 (2d Cir. 2013) (internal quotation marks and citations omitted).

## DISCUSSION

After granting Paul a series of extensions, the Court received Paul's 49-page memorandum in objection to the R&R on March 21, 2016.[2] (See D.E. # 97 ("Paul Obj.").) The core of Paul's objection concerns the veracity of the complaints LHH received about her behavior. She also argues that she was denied information during discovery that would have helped her refute these complaints. Otherwise, she objects in general to the R&R's conclusions concerning her race-discrimination claim; makes one objection concerning her defamation claim; and makes no objections concerning any of her other claims. Upon review of the R&R and the entirety of the summary-judgment record, the Court rejects these objections and adopts the R&R as the opinion of the Court.[3]

Fundamentally, Paul's objection is to the complaints LHH relied on when disciplining and ultimately firing her. She challenges these complaints as, among other things, uncorroborated, unsubstantiated, fabricated, inadmissible hearsay, and motivated by patients' and coworkers' personal biases. (See, e.g., Paul Obj. at 4–5, 9–10, 12–13, 16–19, 21, 29, 33.) Some of these incidents, she argues, never happened, (see, e.g., id. at 17); others were the result of rude patients or unprofessional coworkers, (see, e.g., id. at 4–6, 8–9, 17); and others were

---

[2] Pursuant to the fourth extension of time the Court granted, Paul's objections were due March 17, 2016. (D.E. dated Mar. 10, 2016.) Although the Court warned Paul this would be the final extension, (see id.), Paul moves for a fifth extension, asking the Court to consider timely her March 21, 2016, submission. (See D.E. # 98.) The Court grants that motion and considers Paul's objections here. Pursuant to Federal Rule of Civil Procedure 72(b)(2), LHH has 14 days to respond to Paul's objections after being served with a copy. Because the Court rejects Paul's objections and grants summary judgment to LHH, however, the Court need not wait until those 14 days have lapsed to resolve the pending motion. See Yao Wu v. BDK DSD, No. 14-CV-5402 (CBA) (SMG), 2015 WL 5664534, at *2 n.1 (E.D.N.Y Sept. 22, 2015). LHH has also requested an eight-day extension of its time to respond to Paul's objections, (D.E. # 99), which the Court denies as moot.

[3] With her objections, Paul also submitted a purported additional statement of facts and a revised affidavit from her daughter, (see D.E. # 97-1, 97-2), and resubmitted 30 or so exhibits put before Magistrate Judge Bloom, (see D.E. # 97-3, 97-4). Although a district court has discretion to consider new evidence raised for the first time in an objection to an R&R, see Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998), these submissions do not put forth any evidence that is new or distinct from the summary-judgment record. The Court therefore considers this material only insofar as it liberally construes Paul's objections to make the strongest arguments they suggest.

generally "out of character" for her or insufficient to warrant the actions LHH took, (see, e.g., id. at 29, 33). Paul made these arguments before Magistrate Judge Bloom, however, and the R&R explains that they fail to raise a material issue of fact for trial. (See R&R at 5, 28, 35–36.) The Court agrees. Mere speculation that complaints were fabricated—complaints not by LHH administration or supervisors, but by Paul's coworkers and patients—cannot defeat summary judgment. (See id. at 28 (citing St. Jute v. Metro Plus Health Plan, 8 F. Supp. 3d 287, 311–21 (E.D.N.Y. 2014).) Rather, as the R&R makes plain, "the truth of the allegations made in these complaints is irrelevant if LHH reasonably believed them to be true." (See id. at 35 (collecting cases).) Where the decision to terminate Paul's employment was based on a "multitude of serious, independent, documented, and therefore good faith complaints," Saenger v. Montefiore Med. Ctr., 706 F. Supp. 2d 494, 509 (S.D.N.Y. 2010), challenging the underlying accuracy of those complaints does not raise a genuine dispute that they were used as a pretext for discrimination.[4] The overwhelming majority of Paul's objections fall within this category and, for the reasons set forth in the R&R, the Court rejects these objections.

Paul also argues that she could better dispute the accuracy of these reports if LHH had not withheld certain patient and staffing information from her as privileged during discovery. (See Paul Obj. at 10, 22, 30.) Paul did not move to compel LHH to disclose this information during discovery, nor did she raise this argument before Magistrate Judge Bloom in her opposition to summary judgment. "In this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." Fisher v. O'Brien, No. 09-CV-42 (CBA) (LB), 2010 WL 1286365, at *1 (E.D.N.Y. Mar. 30, 2010)

---

[4] As the R&R also explained, these reports are not hearsay because LHH offers on them not for their truth but for LHH's nondiscriminatory, nonpretextual reliance on them when terminating Paul. (See R&R at 5 n.3.)

5

(citation omitted). Even if the Court were to consider this argument, however, it goes toward the veracity of the complaints against Paul. As explained above, the truth of these complaints does not affect whether or not LHH's reliance on them was pretextual. (See R&R at 35.) To give one example, Paul apparently sought but was not given a "list of beeper calls," which she believes would show that she never received the pages that her coworkers complained she did not respond to. (See Paul Obj. at 30.) But the reason Paul failed to respond when paged has no bearing on LHH's nonpretextual reliance on that failure in terminating her. The Court therefore rejects this objection both for Paul's failure to raise it before Magistrate Judge Bloom and on its merits.

The remainder of Paul's submission makes general objections that the R&R's conclusions concerning her race-discrimination claims are wrong. For example, the R&R concluded that the comment that the Emergency Room wanted "a different face" was a "stray remark" that did not give rise to an inference of discrimination when considering the speaker, the benign context, and the comment's tenuous link to any adverse action. (See R&R at 25–27.) In objection, Paul states among other things that "the court must consider the [statement] as a racial discriminating statement," (Paul Obj. at 3), and "this statement meant something else to the plaintiff and definitely [was] not a stray remark," (id. at 23). The Court finds such general objections to the R&R's well-reasoned and detailed conclusions unpersuasive.

Finally, with respect to defamation, Paul's objection letter appears to broaden her claim to include the termination letter sent to her. (See id. at 45.) To make out a defamation claim under New York law, however, a false statement must be "published without privilege or authorization to a third party," among other requirements. Peters v. Baldwin Union Free School Dist., 320 F.3d 164, 169 (2d Cir. 2003) (quoting Dillon v. City of New York, 704 N.Y.S. 1, 5 (1999)). No evidence suggests that the termination letter was published, and as the R&R notes,

all of the LHH statements at issue are entitled to either qualified or absolute privilege. (See R&R at 50.) The Court therefore rejects this objection.

For the other claims, Paul does not object to the R&R's recommendation that summary judgment be granted. (See, e.g., id. at 49 (noting Paul does not raise objections to her age- and disability-discrimination clams).) In reviewing the summary-judgment record and the thorough and well-reasoned R&R, the Court finds no error in this recommendation.

The Court therefore adopts the R&R as the opinion of the Court in its entirety.

## CONCLUSION

For these reasons, the Court adopts the R&R and grants summary judgment to the defendant. The Clerk of Court is directed to enter judgment accordingly and close the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: March 28, 2016
Brooklyn, New York

Carol Bagley Amon
Chief United States District Judge